UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In Re:

                                      Case No. 15-72980-reg

HANNA ROMATOWSKI,                  (Chapter 13)

            Debtor
-------------------------------------------------------x

## RESPONSE TO ORDER TO SHOW CAUSE

To the Honorable Robert E. Grossman,
United States Bankruptcy Judge:

      Ronald D. Weiss, Esq. ("Ronald") and Ronald D. Weiss, LLC (the "LLC") (Ronald and the LLC are referred to in the aggregate as "Weiss"), by and through their attorneys, Zinker & Herzberg, LLP responds to the Order to Show Cause Why Debtor's Special Counsel's Fees Should Not Be Disgorged dated November 2, 2015 (the "Order to Show Cause") as follows:

      1.      This Honorable Court issued the Order to Show Cause subsequent to the hearings held on September 10, 2015, October 1, 2015 and October 22, 2015. The Order to Show Cause stated in pertinent part:

> "**WHEREAS,** on October 1, 2015, Mr. Weiss appeared and argued in support of the Application that *de minimus* fees should excuse untimely retention applications, and Mr. Weiss explained that a failure of the Firm's procedures had led to his unapproved representation of the Debtor and that the Firm's initial income calculations used as the basis for seeking a loan modification were mistaken, and
> **WHEREAS,** these explanations raised the question of whether the Firm violated the Bankruptcy Code by representing and taking fees from the Debtor without Court approval, and of the adequacy of the Firm's client intake procedures."

Accordingly, it appears that this Honorable Court is extremely uncomfortable with the level of bankruptcy law knowledge possessed by Weiss to adequately represent clients before this Honorable Court. This is illustrated by Ronald's apparent lack of knowledge of the provisions set forth in Section 329 of the Bankruptcy Code.

2.      After reading the transcripts referenced above, it is readily apparent to the undersigned counsel that Ronald may be lacking in some of the basic knowledge pertaining to the laws of bankruptcy.  The undersigned counsel does not believe that Ronald is devious, malicious or not striving to achieve the best results for his clients given the current state of the bankruptcy law.  Accordingly, a refresher course in bankruptcy law may be the most beneficial method of assessing sanctions against Ronald and/or the LLC, especially given the cost and time commitments associated therewith.

3.      In lieu of embarking on an analysis as to the scope of this Honorable Court's enforcement powers pursuant to the provisions set forth in Section 105 of the Bankruptcy Code and Rule 9011 of the Federal Rules of Bankruptcy Procedure, I believe that there is a more suitable remedy for any harm or dismay that Weiss may have caused this Honorable Court, Michael J. Macco, the Chapter 13 Trustee and Christine Black, Esq. of The Office of the United States Trustee.   And again, I apologize for any harm, dismay, prejudice and/or inconvenience that the Weiss blunders may have caused.

4.      In an attempt to alleviate Ronald's lack of knowledge of some aspects of basic bankruptcy law such as the provisions set forth in Section 329 of the Bankruptcy Code, the undersigned counsel personally contacted: (a) Professor Alan N. Resnick, the bankruptcy law professor at Hofstra Law School ("Hofstra"); and (b) Professor Leif Rubinstein, the bankruptcy law professor at Touro Law School ("Touro").  Professor Resnick has a bankruptcy law class scheduled for the spring of 2016 semester on Mondays and Wednesdays from 10:10 a.m. to 11:30 a.m.  Touro does not offer a bankruptcy law course in the spring of 2016 semester.

5.      The bankruptcy course outline at Hofstra states:

"This course introduces students to the relief available to financially troubled consumers and businesses under the United States Bankruptcy Code, with particular attention to

      relief under chapter 7 (liquidation). The course explores the balance reached under the Bankruptcy Code between protecting the rights and expectations of creditors and the rights of debtors seeking a financial fresh start through a discharge or restructuring of debts. Creditor remedies under state law and basic commercial law concepts relating to security interests under Article 9 of the Uniform Commercial Code are covered briefly."

While it appears that the course provides an overview of the Bankruptcy Code, it may also touch on the employment provisions set forth in Sections 327, 328, 329, 330 and 331 of the Bankruptcy Code and the relief that can be afforded consumer debtors in the bankruptcy sphere, areas of bankruptcy law in which Weiss may especially need a refresher course. The course may also cover the types of residential mortgage loan modifications that may be applicable in the context of the Chapter 13 proceedings. A copy of the Hofstra course outline is annexed hereto as Exhibit "A" and is incorporated herein by reference.

      6.    As set forth in Professor Resnick's and Assistant Dean Brian T. Kaspar's emails to the undersigned counsel, Professor Resnick would be willing to permit Ronald to audit the Hofstra bankruptcy law course at his own expense. The expense is significant – it is $1,900 per credit hour. As this appears to be a three (3) credit course, the total cost of the course would be $5,700.00, plus the cost of the casebook. And as Professor Resnick's email makes clear, Ronald will not be permitted to take any exams and his attendance will not be monitored. A copy of the undersigned counsel's emails with Professor Resnick/Assistant Dean Brian T. Kaspar is annexed hereto as Exhibit "B" and is incorporated herein by reference.

      7.    Ronald has verbally assured the undersigned counsel that if this is the alternative that Your Honor desires, he will attend all classes and will prepare for each and every class as if he was a regular student in said class. Accordingly, not only will Ronald bear a substantial monetary expenditure, Ronald will also need to endure a substantial time commitment.

8. Ronald's unavailability on Monday and Wednesday mornings during most of the spring of 2016, especially when travel time is factored in, may be an added benefit to Your Honor. His associate, Nathan Kaufman, Esq. would need to make all the court appearances during this time period on Monday and Wednesday mornings. It may appear that Your Honor may have more confidence in Mr. Kaufman's ability to properly represent the firm's clients than Ronald.

9. As stated previously, Touro does not offer a basic bankruptcy law course during the spring of 2016 semester. However, Mr. Rubinstein has offered to allow Ronald to work on an advanced research project subject to Mr. Rubinstein's guidance, mentorship and tutelage. While Mr. Rubinstein has not identified the specific research project, I would believe that Mr. Rubinstein would carefully consider any research project that Your Honor believes appropriate under the circumstances.

10. And here again, the legal research project for no monetary compensation would cause Ronald a substantial time outlay as a penalty for his lack of knowledge of some aspects of basic bankruptcy law.

11. Ronald has advised the undersigned counsel that he is willing to comply with either method of gaining the appropriate knowledge of basic bankruptcy law that this Honorable Court believes is fair and reasonable under the circumstances. The choice of the bankruptcy course at Hofstra or the bankruptcy research project at Touro will be at Your Honor's option.

12. And as evidenced in Ronald's apology letter, the $500 has been disgorged to Ms. Romatowski as Your Honor has previously dismissed this Chapter 13 proceeding.

13. In conclusion, I do not believe a further monetary penalty or a suspension of Ronald's right to practice before this Honorable Court is warranted provided Ronald acquires the

necessary knowledge of basic bankruptcy law that these bankruptcy law professors may impart. Alternatively, it may be beneficial to stay this contempt proceeding until the completion of the bankruptcy law class or the bankruptcy law research project to determine whether Ronald acquired the appropriate level of basic bankruptcy law knowledge to properly represent his clients before this Honorable Court.

14. It should be further noted that attached to this response is a formal apology letter wherein Ronald apologizes for his recalcitrance during these hearings. Therein, he acknowledges that a refresher course in basic bankruptcy law may be of lasting benefit to his quest to zealously advocate for his clients within the confines of the bankruptcy law. A copy of Ronald's apology letter is annexed hereto as Exhibit "C" and is incorporated herein by reference.

WHEREFORE, Weiss respectfully requests this Honorable Court to merely sanction Ronald to mandating that he take one or the other academic bankruptcy course set forth above and for such other and further relief as is just and proper.

Dated:   Hauppauge, New York
         November 6, 2015

                ZINKER & HERZBERG, LLP
                Attorneys for Ronald D. Weiss, Esq. and
                Ronald D. Weiss, LLC

                By:__/s/ Jeffrey Herzberg_____
                     Jeffrey Herzberg
                300 Rabro Drive, Suite 114
                Hauppauge, New York 11788
                (631) 265-2133

**Affirmation of Service**

Jeffrey Herzberg, an attorney duly licensed to practice law in the courts of the State of New York, after being duly sworn on oath, and under the penalty of perjury, affirms that on November 6, 2015, he mailed a copy of the Response to Order to Show Cause, with exhibits, by first class mail, postage prepaid, to:

    Michael J. Macco, Esq.
    Macco & Stern, LLP
    135 Pinelawn Road
    Suite 120 South
    Melville, New York 11747

    Christine H. Black, Esq.
    Office of the United States Trustee
    U.S. Federal Courthouse
    590 Federal Plaza
    Central Islip, New York 11722

Dated:        Hauppauge, New York
                November 6, 2015

                                                __/s/ Jeffrey Herzberg_____
                                                Jeffrey Herzberg